State vs. Lawson

No. 9119.

THE STATE OF LOUISIANA VS. JACKSON LAWSON.

The trial judge, in a criminal case, is vested by law with the discretionary powers to discharge jurors already empaneled in the case and to reassign the cause for another day, if he believes that there is a necessity for such ruling, and that the ends of justice will be best subserved by such a course.

The belief of the judge, apparently well founded, that the jurors already selected and sworn had been illegally drawn, is manifestly a reason to justify such ruling.

APPEAL from the Twelfth District Court, Parish of Rapides. *Blackman*, J.

*J. C. Egan*, Attorney General, and *E. G. Hunter*, District Attorney, for the State, Appellee.

*W. W. Whittington, Jr.*, for Defendant and Appellant.

The opinion of the Court was delivered by

POCHÉ, J.    The defendant appeals from a conviction of murder, without capital punishment, and he seeks relief on the following grounds:

1. That the district judge erred in discharging seven jurors who had already been empanelled for his trial, and in ordering the case to be reassigned for another day.

The record shows that under the authority vested in him by Section 7 of Act 44 of 1877, the judge had ordered the drawing of twenty additional jurors to report instanter. This trial began on the 23d of the same month, and proceeded to the point stated above, when the judge discovered that the names of the additional jurors had not been placed in the box.

Believing that the formation of the jury, without that formality, had been vitiated, the judge discharged the seven jurors already empanelled, and directed the trial to proceed after causing the names of the additional jurors to be placed in the box. The accused then objected to go on with the trial before service on him of the list of the additional jurors. The judge, therefore, adopted the only alternative left him, and ordered the trial to be re-set for another day.

The gist of defendant's complaint is that the judge had no power or authority to discharge the seven jurors, already empanelled, without his consent. His counsel argues that, by the course of the judge, the accused, who had his witnesses present, lost his opportunity of a fair trial and was deprived of his constitutional right of a speedy trial.

The question is not entirely new in our jurisprudence; it was reviewed at great length in the case of the State vs. Costello, 11 A. 283,

in which the doctrine previously recognized by this Court was re-affirmed.

The doctrine is that such a ruling is within the discretion of the trial judge, when, in his opinion, an evident necessity arises for the discharge of the jury.

In the case referred to, the entire jury was discharged for reasons satisfactory to the district judge and sanctioned by this Court.

In the present case, the circumstances stated above, not only conferred the right to the judge, but made it his duty to discharge the seven jurors already empanelled.

The argument that the accused was thus deprived of a speedy trial is without force and does not strike as being even serious. Had his present complaint prevailed, his trial would be still further procrastinated.

2. His second objection grows out of the trial in which he was convicted, and charges error to the order of the judge in directing that the names of the additional jurors, drawn under his order, be placed in the same box with the names of the regular jurors.

A similar objection was made and considered in the case of the State vs. Brooks, this day decided, and for the reasons announced in that case, the objection is overruled in this case.

The record shows that the defendant has had a fair and impartial trial, hence, we shall not disturb the verdict.

Judgment affirmed.