# Jackson *v.* The State.

*Indictment for Murder.*

1. *Special venire; when proper.*—A special *venire* is necessary, and is authorized, only in capital cases (Code, § 4874); and on a second trial under an indictment for murder, the first having resulted in a conviction of murder in the second degree, which operates as an acquittal of the higher offense, and is so pleaded on the second trial, the defendant is not entitled to a special *venire*.

2. *Discharge of juror on account of sickness.*—The discharge of a juror by order of the court, on account of sickness, and the substitution of another juror in his stead, authorizes the commencement of the trial anew, but does not enlarge the number of peremptory challenges allowed the defendant (Code, §§ 4906, 4879); and if he has already exhausted his peremptory challenges, he can not challenge peremptorily the substituted juror. .

3. *Examination of witness testifying as to character.*—A witness, when called to testify to character, must testify to the person's reputation in the community, and not to particular facts or rumors affecting his reputation; but, on cross-examination, a greater latitude as to details is allowed, and he may be asked what he had heard other persons say, or what he had himself said, at a particular time and place, as to matters affecting the character of the person inquired about.

4. *Competency of witness to testify as to character.*—When a witness states that he knew the character of the deceased, or other person inquired about, "in the upper portion of the neighborhood in which he lived, but not in the lower portion," this does not affect his competency, but goes only to the weight or sufficiency of his testimony.

5. *Self-defense.*—The defendant's belief that it was necessary to kill his assailant in order to save his own life, or to prevent grievous bodily harm, must not only be honestly entertained, but must be reasonable and well founded; though he may act on appearances, as if they were real.

From the Circuit Court of Pike.

Tried before the Hon. JOHN P. HUBBARD.

The defendant in this case was indicted for the murder of Joseph Bragg, by shooting him with a gun; and on his second trial, as shown by the present record, was convicted of manslaughter in the first degree, and sentenced to the penitentiary for the term of five years. The points decided by the court will be readily understood from the opinion, without any additional statement of facts.

GARDNER & WILEY, for the appellant.

THOS. N. McCLELLAN, Attorney-General, for the State.

SOMERVILLE, J.—Upon the state of facts disclosed by the record, the defendant was not entitled to a special *venire* of jurors, under the provisions of section 4874 of the Code (1876). Special *venires*, under this section, are authorized only where the defendant is on trial for a capital felony. In January, 1885, he had been arraigned and tried for murder in the first degree, but had been convicted only of murder in the second degree. This verdict, and the sentence based on it, operated as an acquittal of the higher grade of the offense, although the judgment was afterwards reversed, upon appeal, by this court. Upon the present trial, a plea was interposed setting up the fact of this acquittal, by way of defense to the higher crime charged in the indictment. The truth and sufficiency of this plea were admitted by the State; and the subsequent trial, both in law and in fact, was only for murder in the second degree. The court, therefore, was not under the duty, nor did it have the power, to order the summoning of a special *venire.—De-Arman v. The State*, 77 Ala. 10.

The defendant, during the organization of the jury, is shown to have exhausted the fifteen peremptory challenges to which the statute entitled him. There could, therefore, be no error in refusing to him the privilege of challenging the juror Davis, who was selected as a substitute for the one discharged by order of the court because of being incapacited by sickness for the performance of his duty. The only effect of such discharge was to authorize the trial to commence anew. It did not enlarge the number of challenges allowed in the cause.—Code, 1876, §§ 4906, 4879.

It is certainly true that character or reputation, when properly made the subject of proof in courts of justice, means the estimate in which the individual is held by the community, and not the private opinion entertained of him by the witnesses who may be called to testify in reference to such fact. Particular facts, therefore, are inadmissible in evidence on this issue, upon the direct examination, or even rumors of such facts as may be either damaging or beneficial to the character of the person sought to be attacked or sustained. But, on cross-examination, there is allowed much greater latitude of interrogation as to details, this being often the only efficacious test available for the discovery of truth. To test the soundness of the witness' opinion, and elicit the *data* upon which it is founded, he may often be cross-examined as to particular facts affecting character.—*De Arman's case*, 71 Ala. 352; *Tesney's case*, 77

Ala. 33. The witness, Taylor, having testified in behalf of the State that the general character of the deceased was good, it was, in our opinion, competent for the defendant, on cross-examination, to ask him if he had not said, at a time and place specified, that the deceased was a bad man. It would certainly have been competent to prove that the witness had heard one or more persons residing in the community make such an assertion. Why not, then, that he himself had done so, as he was as much a constituent part of the community as any other single individual would be? The court erred in excluding this evidence.

The fact that the witness knew the character of the deceased only in what he termed "the upper portion of the neighborhood in which he lived," but not in "the lower portion," did not affect the competency of his testimony, but went only to its weight or sufficiency. This was only circumscribing his knowledge to a smaller area of the same community.

There is no error in that portion of the court's charge which asserted the proposition, that the defendant's belief as to the necessity for killing his assailant, in order to excuse him, must have been "well founded and honestly entertained." Honesty or belief will not be sufficient, because it may be irrational, and generated by fear, without the existence of appearances fairly operating to create it. The law requires that such belief must be both reasonable and honestly entertained. This, of course, does not mean that the supposed facts generating such belief must be real; for they may be appearances only, and yet justify as prompt action as if they were real.—*Storey's case*, 71 Ala. 330; *Holley's case*, 73 Ala. 14, 19.

Many of the other rulings of the court have reference to the charge of murder. The conviction is only for manslaughter. We do not consider the questions raised by these rulings, because the judgment must be reversed for the error above specified, and upon the remandment of the cause they will become immaterial.—*De Arman v. The State*, 71 Ala. 352.

The judgment is reversed, and the cause remanded. The defendant, in the meanwhile, will be kept in custody until discharged by due process of law.