# Jackson v. The State.

## Indictment for Murder.

1. *Fault lies with party provoking difficulty.*—A person who provokes a difficulty can not invoke the doctrine of self-defense; and an inquiry, no matter how free from angry or irritating tone its expression may be, may, in itself, be calculated to provoke a difficulty.

2. *Malice.*—In connection with all the evidence the jury may infer malice, 1st, from the use of a deadly weapon; 2d, from threats made by defendant against the deceased before the killing.

APPEAL from the Circuit Court of Pike.

3

[Jackson v. The State.]

Tried before the Hon. JOHN P. HUBBARD.

The defendant below, in this cause, Stephen Jackson, was indicted for the murder of Joseph Bragg, by shooting him with a gun. As shown in the record, this was the third trial ; defendant was convicted of manslaughter in the first degree, and sentenced to the penitentiary for three years. It was shown that, at the time of the killing, defendant was sitting on a fence, on the side of a field, with his double-barrel gun leaning against the fence. The deceased passed him, when defendant said to him : "Joe, I suppose you claim that hog I killed." The deceased said that he did. The 'damn-liar' was passed, the evidence tending to show defendant said it. The deceased drew his knife from his pocket, advanced toward defendant, and attempted to pick up a fence rail, when defendant shot him twice, from the effect of which he died. There was evidence tending to show that, between the shots, deceased said to defendant "don't do that." There was evidence tending to show the shots were almost simultaneous. There was evidence *pro* and *con* of the character of the deceased, as a turbulent, dangerous man, and for truth and veracity and peace. His dying declarations were in evidence. There was evidence that defendant had made threats against deceased, and that deceased had made threats against defendant which had been communicated to defendant.

Among other things, the court charged the jury : 1. "If the words used by Jackson were used in a civil manner, yet if they were used for the purpose of provoking the difficulty, then he would not be free from fault in bringing on the difficulty." To this the defendant excepted. This charge was given after the court had charged, at the request of the defendant, as follows : 2. "If the difficulty was brought on by the defendant asking Bragg, in a civil manner, if he claimed the hog, then the defendant can not be said to be in fault in bringing on the difficulty." The following charges were given at the request of the State, to each of which the defendant excepted : 3. "If the jury believe, from the evidence, that the defendant provoked the difficulty, then it makes no difference as to what threats were made by the deceased if he made any, or what his character may have been for violence, or what may have been the danger to the defendant at the time he fired the shots, the law will not excuse him for the homicide. 4. "The jury may infer malice from the use of a deadly weapon, in connection with all the evidence." 5. "The court further charges the jury that they, in connection with all the evidence, may also infer malice from threats made by the defendant against the de-

ceased before the killing—if they believed such threats were made." The following charge was asked by the defendant and refused by the court: 6. "In determining whether Jackson had a reasonable and safe opportunity to run from Bragg, it is competent for the jury to consider the fact, if it be proven, that Bragg was between defendant and his house."

GARDNER and WILEY, for appellant.

T. N. McCLELLAN, Attorney-General, contra.

STONE, C. J.—This is the third appeal in this cause. 77 Ala. 18, and 78 Ala. 471.

An inquiry, no matter how far from angry or irritating tone its expression may be, may, in its very nature and surroundings, be calculated to provoke a difficulty. The circumstances of this case tend very strongly to show, that the inquiry made by the defendant of the deceased was not only calculated to provoke altercation and angry discussion, but that it was intended for that specific purpose. If that inquiry had not been made, from all that we can perceive, there would have been no altercation, no difficulty, no homicide.

In charging the jury the court tracked the law strictly, as the same has been declared in many well considered decisions of this court.—Storey v. The State, 71 Ala. 329; De Arman v. The State, Ib. 351; Holley v. The State, 75 Ala. 14; De Arman v. The State, 77 Ala. 10; Tesney v. The State, Ib. 33; Jackson v. The State, 78 Ala. 471.

The judgment of the Circuit Court is affirmed.