THE PEOPLE, Respondents, v. FREDERICK R. WATSON,
Appellant.

*N. Y. Supreme Court, FirstDepartment, General Term, November 7, 1889.*

1. *Witness. Examination.*—Where a witness is examined on the subject of
   the general reputation of the accused, he may be interrogated, on the
   cross-examination, as to what he may have heard concerning him,
   conflicting in any respect with his general judgment expressed in his
   direct examination.
2. *Trial. Charge.*—The court need not repeat a proposition on request.
3. *Same.*—The Court is not required to enjoin upon the jury the obser-
   vance of any special duty as to the testimony of a witness.
4. *Same.*—A charge that a conflict in the evidence between the witnesses
   was not of itself sufficient to warrant the jury in coming to the conclu-
   sion that some of them had testified falsely, is proper.

Appeal from judgment of the court of general sessions of
the county, of New York, convicting defendant of crime of
larceny.

*Ambrose H. Purdy* and *Abraham Suydam,* for appellant;

*McKenzie Semple,* for respondents.

DANIELS, J.—The evidence which was given at the trial,
when taken together, tended to prove that the defendant had
picked the pocket of the complaining witness, and had taken
his pocket-book and appropriated it to his own use. While
this witness was not positive of the identity of the defendant,
and the testimony of the witness, Tway was similar in its effect,
that which was given by the witnesses, Glass and Creeden,
very satisfactorily identified him as the person who had com-
mitted the offence. The case was sufficiently made out to
require it to be submitted, as it was, to the jury, and to justify
the verdict which they rendered.

On the part of the defense evidence was given by witnesses produced by him of his previous good character and on the cross-examination of one of the witnesses he was asked what case he had heard of the defendant being connected with a couple of weeks before. This was objected to, but the objection was overruled and the defendant excepted, and the witness answered, " The case where he was arrested for carrying burglar's tools." But where a witness is examined on the subject of the general reputation of the accused, he may be interrogated on the cross-examination as to what he may have heard concerning him conflicting in any respect with his general judgment expressed in his direct examination. The evidence obtained from a witness called upon the subject of character, depends upon what he may have previously heard, and the party against whom his testimony may be given has the right to know all that he may have heard affecting the correctness or weight due to his conclusion.

The case of Smith *v.* State, 47 Ala. 540, proceeded upon no different principle, for there it was proposed by independent evidence, not by way of cross-examination, to prove particular acts of criminal misconduct on the part of the accused, and it was held to be improper, as it also was in McCarty *v.* People, 51 Ill. 231. And the other cases cited in behalf of the defendant have gone no further than that in this direction. In Ingram *v.* State, 67 Ala. 67, it was held by the court that the witness could properly be inquired of on his cross-examination as to any other offense which he had heard had been committed by the defendant. That was allowed as evidence tending to prove the fact that the reputation of the accused was not that which on the direct examination had been expressed by the witness. D'Arman *v.* State, 71 Ala. 361, was to the same effect, and so is Jackson *v.* State, 78 Id. 471. There was no error, therefore, in permitting this question to be answered by the witness.

An exception was also taken to the refusal of the court to instruct the jury that they were absolutely bound by their

36

own oaths to see that they did not allow their minds to be prejudiced in the slightest degree against the defendant by the fact that he did not testify in his own behalf. But this instruction was not necessary, for the jury had previously received a similar direction from the court. They were informed that " he has a right to go upon the witness stand and testify in his own behalf if he chooses to do so. If he does not choose to do so, the law expressly provides that no presumption adverse to him is to arise from the mere fact that he does not place himself upon the witness stand. So in this case, the mere fact that this defendant has not availed himself of the privilege which the law gives him should not be permitted by you to prejudice him in any way." And that was all that was required to be said to the jury to preserve the defendant's rights in this respect.

The court was not required to enjoin upon the jury the observance of any special duty as to the testimony of the witness, O'Brien. What was required to be done was the submission of the case as it was presented by all the evidence, and to give to the defendant whatever advantage he might be entitled to from its infirmity or insufficiency in any respect, and that duty was fully observed by the court.

There was no error in the statement excepted to that a conflict in the evidence between the witnesses was not of itself sufficient to warrant the jury in coming to the conclusion that some of them had testified falsely. One or more may well have been mistaken as to the matters brought in conflict upon the trial, and that probably was sufficient to justify all that was said upon this subject. So the effect of circumstantial evidence, which to some extent entered into the disposition of the case, was not overstated by the court in submitting it to the jury; and what may have been said by the assistant district attorney during the argument of the case cannot now be relied upon as a ground of error. It was for the court to check and correct it at the trial, and all that was necessary for that purpose appears to have taken place.

Besides that, no appeal has been taken from the denial of a new trial of the affidavit, if any appeal will lie.

There is no ground upon which the conviction can be interfered with, and it should, therefore, be affirmed.

Conviction affirmed.

VAN BRUNT, P. J., and BARRETT, J., concur.