(75 South. 68)

No. 22296.

STATE v. CARMOUCHE et al.

(April 16, 1917.)

*(Syllabus by the Court.)*

1. JURY ☞136(9)—DISCHARGE OF DISQUALIFIED JUROR—DRAWING OF NEW JUROR.

If a juror becomes physically disabled after the jury has been impaneled and sworn in a criminal case, the trial judge has authority to discharge the disqualified or disabled juror, and immediately order another juror drawn in his stead.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 615, 618.]

2. JURY ☞136(9)—DISCHARGE OF DISQUALIFIED JUROR — RETENDER OF REMAINING JURORS — RESTORATION OF PEREMPTORY CHALLENGES.

If the discharge or removal of a disqualified juror who was impaneled and sworn for the trial of a criminal case be made before the indictment is read to the jury, the defendant is not entitled to have his peremptory challenges restored to him or to have the remaining 11 jurors retendered for acceptance or rejection, even though the defendant had exhausted his peremptory challenges when the disqualified juror was discharged.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 615, 618.]

3. JURY ☞136(9), 149—DISCHARGE OF JUROR —MISTRIAL.

If a juror be removed from the panel for any cause, against the protest of the defendant, after the trial has commenced by the reading of the indictment to the jury, the discharge of the disqualified juror and the drawing of another juror in his stead is, in effect, the entering of a mistrial and the beginning of a new trial; and the defendant is then entitled to have his peremptory challenges restored to him, and to have the remaining 11 jurors retendered for acceptance or rejection, especially if the defendant's peremptory challenges were exhausted in the original drawing of the jury. But if the defendant, instead of requiring that the 12 peremptory challenges be restored to him and that the remaining 11 jurors be retendered for acceptance or rejection, accepts them, he is not entitled to another or thirteenth challenge.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 615, 618, 635–637.]

4. CRIMINAL LAW ☞1144(10) — APPEAL — TRANSCRIPT.

If the defendant, appealing from a conviction in a criminal prosecution, fails to avail himself of the privilege accorded him by Act No. 113 of 1896, of having the evidence on a question of fact on which an adverse ruling of the trial judge was based reduced to writing and embodied in the transcript of appeal, the Supreme Court will accept as correct the statement made or approved by the trial judge in the bill of exceptions.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2741, 2749, 2901, 3026, 3028.]

*(Additional Syllabus by Editorial Staff.)*

5. JURY ☞149—DISCRETION OF TRIAL COURT —DISCHARGE OF JUROR.

Where a juror was suffering from a broken arm, the trial judge exercised his discretion wisely in removing him from the jury instead of postponing the trial long enough for him to recover.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 635–637.]

Appeal from Twenty-First Judicial District Court, Parish of Pointe Coupee; C. K. Schwing, Judge.

Ernest Carmouche and George Chust were convicted of cattle stealing, and they appeal. Verdict and sentence affirmed.

Bouanchaud & Kearney and William C. Carruth, all of New Roads, for appellants. A. V. Coco, Atty. Gen., and J. H. Morrison, Dist. Atty., of New Roads (Vernon A. Coco, of Marksville, of counsel), for the State.

O'NIELL, J. The defendants have appealed from a verdict convicting them of cattle stealing, and from a sentence of imprisonment in the penitentiary.

Two bills of exception were taken to the rulings of the trial judge ordering a juror discharged and another impaneled in his stead, after 12 jurors had been impaneled

and sworn and the bill of indictment or information had been read to them.

The facts set forth in the two bills of exception were as follows: When the impaneling of the jury was completed, each of the defendants had used all of his 12 peremptory challenges, and the state had used 10 of its 12 peremptory challenges. The oath was administered to each of the 12 jurors impaneled to try the case, and the district attorney read to them the bill of information. It being then late in the evening, the court adjourned until the next morning. During the night, a juror named Beatty, who had been impaneled, and to whom the oath had been administered and the bill of information read, met with an accident, and was, in the opinion of the trial judge, physically unable to serve on the jury. When court convened on the following morning, the judge announced that, on account of the physical disability of the juror, Beatty, it would be necessary to discharge him from the jury and select another juror from the talesmen who had been drawn and called the day before. The defendants' attorneys requested that the trial of the case be postponed, to allow the disabled juror time to recover and serve on the jury. In the alternative, the defendants' attorneys requested that if the court should insist upon removing Mr. Beatty from the jury and the immediate drawing of another juror in his stead then that each of the defendants should be allowed one more peremptory challenge because the state had yet two peremptory challenges, and, in using and exhausting their 24 peremptory challenges, the defendants had anticipated and believed that only 12 jurors would be impaneled whereas the discharge of Mr. Beatty and the drawing of another juror in his stead would amount to the impaneling of 13 jurors. The court ordered that the trial should be proceeded with immediately, by the discharge of the disabled juror, Beatty, and the drawing of another juror in his stead, and ruled that the defendants would not be allowed another peremptory challenge in the drawing of a juror to take the place of Mr. Beatty. It appears that Beatty was the sixth juror impaneled, and that when the state and the defendants accepted him as a juror the state had used 2 peremptory challenges, the defendant Chust had used 7, and the defendant Carmouche had used 5. To the rulings stated above, the defendants' attorneys reserved bills of exception, and announced that they would take part in the selection of another juror only under protest.

The remaining tales jurors who had been drawn and called on the day previous were then called on their voir dire, and, the list of talesmen being exhausted, the court ordered other talesmen drawn and called. The district attorney was permitted to exercise his right to challenge peremptorily two of the tales jurors who were called on their voir dire. The district attorney finally accepted a juror to take the place of Beatty, and the attorneys for the defendants challenged him peremptorily. The district attorney objected to the peremptory challenge, on the ground that the defendants had exhausted their peremptory challenges in the original drawing of the jury. The court sustained the objection, and the juror was impaneled and sworn, and served on the jury. To that ruling the defendants' attorneys reserved another bill of exceptions.

[5] There is no merit in the bill of exceptions taken to the ruling of the court, refusing to postpone the trial long enough for the disabled juror to recover. He was suffering from a broken arm, and the judge exercised his discretion wisely in removing him from the jury instead of postponing the trial long enough for him to recover from such an injury.

[1] It is well settled that the trial judge may, after the jury has been impaneled and sworn, discharge a juror who has become

physically incapable of serving on the jury. See State v. Costello, 11 La. Ann. 283; State v. Diskin, 34 La. Ann. 919, 44 Am. Rep. 448; State v. Lawson, 36 La. Ann. 275; State v. Moncla, 39 La. Ann. 868, 2 South. 814; State v. Nash & Barnett, 46 La. Ann. 194, 14 South. 607; State v. Duvall, 135 La. 710, 65 South. 904, L. R. A. 1916E, 1264.

[2, 3] If an incompetent juror who has been impaneled and sworn be discharged from the panel before the trial is commenced by the reading of the indictment to the jury, the defendant is not entitled to have his peremptory challenges restored to him, or to have the remaining 11 jurors retendered on their voir dire for acceptance or rejection, even though the defendant had exhausted his peremptory challenges when the disqualified juror was discharged. But, if a juror be removed from the panel for any cause, against the protest of the defendant, after the trial has commenced by the reading of the indictment to the jury, the discharging of the disqualified juror and the drawing of another juror in his stead is, in effect, the entering of a mistrial and the beginning of a new trial; and the defendant is then entitled to have his peremptory challenges restored to him and to have the remaining 11 jurors retendered on their voir dire for acceptance or rejection, especially if the defendant's peremptory challenges were exhausted in the original drawing of the jury. See State v. Moncla, 39 La. Ann. 868, 2 South. 814; State v. Nash & Barnett, 46 La. Ann. 194, 14 South. 607; State v. Duvall et al., 135 La. 710, 65 South. 904, L. R. A. 1916E, 1264; 14 Cent. Dig. Crim. L. § 302; Bishop's Cr. Proc. § 809. In the case last cited (State v. Duvall et al.), where the disqualified juror was discharged after the indictment had been read to the jury, the defendants did not insist upon having their peremptory challenges restored to them or the remaining 11 jurors retendered on their voir dire for acceptance or rejection. They asked merely "that the remaining 11 jurors be sworn de novo to try the case." It was held, on rehearing, that that request implied an acceptance of the 11 jurors by the defendants, and that the reswearing of the jurors to try the case would have been an idle and useless ceremony.

In this case also the request of the defendants, that only one peremptory challenge be restored to each of them, was an implied acceptance of the remaining 11 jurors who had been sworn to try the case. The defendants were entitled to have a mistrial entered and a new trial commenced by having the remaining 11 jurors discharged from the panel, having the 12 peremptory challenges restored to each of the defendants, and the impaneling of the jury commenced anew. But they did not demand that. On the contrary, they waived that privilege by accepting the remaining 11 jurors who had been impaneled and sworn. They were not then entitled to another peremptory challenge. The defendant is not, under any circumstances, entitled to more than 12 peremptory challenges. State v. Nash & Barnett, 46 La. Ann. 194, 14 South. 607; Jackson v. State, 78 Ala. 471; State of North Dakota v. Hazledahl, 2 N. D. 521, 52 N. W. 315, 16 L. R. A. 152. It must be borne in mind that the defendants had each exhausted their 12 peremptory challenges in the selection of the 12 jurors, of whom they were willing that 11 should be retained; and they were not any more entitled to another peremptory challenge than if the juror who became incapacitated to serve after he was impaneled had been excused from the jury before he was sworn to try the case. The refusal to allow either of the accused more than 12 challenges in the impaneling of the jury was a correct ruling.

[4] Two other bills of exception were taken to the rulings of the judge in admitting

certain testimony that was objected to as hearsay evidence. The evidence was admitted against one of the defendants, because the trial judge concluded that the declaration made by the third party, not under oath, was made in the presence and hearing of that defendant without contradiction or protest on his part. The testimony on the question, whether the defendant heard or was near enough to hear, the statement that was introduced in evidence against him, was not reduced to writing, in accordance with the Act No. 113 of 1896; and the facts recited in the bill of exceptions do not warrant our reversing the ruling.

The verdict and sentence appealed from are affirmed.