196 So. 921

STATE v. CRAWFORD.

No. 35700.

May 27, 1940.

C. Sidney Frederick, of Covington, for appellant.

Lessley P. Gardiner, Atty. Gen., James O'Connor, Asst. Atty. Gen., and Jas. T. Burns, Dist. Atty., of Covington, for the State.

FOURNET, Justice.

The defendant prosecutes this appeal from his conviction and sentence to the penitentiary on a charge of cattle stealing.

During the course of the trial several bills of exception were reserved but only two were presented to the trial judge for his approval. The first, being without merit, was abandoned, and the second alone is before us for consideration. It is based on the ruling of the trial judge ordering

that seven additional jurors be drawn in order to. complete a jury of twelve when it became evident, after a jury of five had been impaneled, sworn, and- the district attorney had read to them the indictment and the law supporting the charge, that Act No. 64 of 1910 makes the offense of cattle stealing a felony, necessarily punishable at hard labor. Counsel for defendant objected to this ruling of the court, assigning at his reason therefor "that such procedure is illegal and highly prejudicial to the constitutional rights of the defendant," and called the court's attention to the fact that under said ruling, having already exhausted six peremptory challenges in the selection of the jury of five,' he would be compelled to select the remaining seven with only six challenges. When the next prospective jurors were called, counsel objected to them being questioned on their voir dire or sworn "for the reason that the said jurors were temporarily discharged by the Court * * * after a jury of five had been impaneled and sworn and the Indictment and law in reference to the case read to the said jury · * * *."

It is the contention of the defendant that under the express provisions of Article 277 of the Code of Criminal Procedure when the jury of five was selected, sworn, and the indictment read to them, he was placed in jeopardy and that, in accordance with the decisions of this court in the cases of State v. Carmouche, 141 La. 325, 75 So. 68, and State v. Hataway, 144 La. 138, 80 So. 227, he was entitled to have a mistrial entered, a new trial commenced, all of his peremptory challenges restored to him, and

to have the five jurors retendered on their voir dire for acceptance or rejection.

On the other hand, counsel for the state argues that there is nothing in the record to show that the defendant was forced to accept an obnoxious juror or in what manner he was prejudiced by the ruling of the trial judge, and that, therefore, he is not entitled to have his conviction and sentence set aside and a new trial granted.

■ The offense of cattle stealing having been made a felony, necessarily punishable at hard labor (Act No. 64 of 1910), it is triable by a jury of twelve (Article 1, Section 9, Constitution of 1921 and Article 338 of the Code of Criminal Procedure) and the trial and conviction of a person charged with such an offense by a jury of five is absolutely null, the jury having no jurisdiction of that crime. See State v. Beebe, 127 La. 493, 53 So. 730, and State v. Reeves, 128 La. 37, 54 So. 415.

■ On the trial of a felony, jeopardy only begins when a jury of twelve has been completed, sworn, and the indictment read to them. Articles 277 and 279 of the Code of Criminal Procedure; State v. Heard, 49 La.Ann. 375, 21 So. 632; State v. Yokum, 155 La. 846, 99 So. 621; and State v. Harville, 171 La. 256, 130 So. 348. It necessarily follows, therefore, that the trial judge was correct in ordering that seven additional jurors be selected to complete the legal panel of twelve to try the defendant in this case, and unless he (the defendant) can show that he was prejudiced by this ruling, he is not entitled to have his conviction and sentence set aside. Article 557 of the Code of Criminal Pro-

cedure; State v. Campbell, 134 La. 828, 64 So. 765; State v. Sweeney, 135 La. 566, 65 So. 743; State v. Barnhart, 143 La. 596, 78 So. 975; State v. Pierfax, 158 La. 927, 105 So. 16; State v. O'Day, 188 La. 169, 175 So. 838; and State v. Thornhill, 188 La. 762, 178 So. 343.

■ The only complaint made by the defendant is that such procedure is illegal and highly prejudicial to his constitutional and statutory rights, but in his bill of exception he does not give us the basis for such conclusion, nor does his counsel in his argument (brief) show how the defendant was prejudiced.

From our review of the record we find that while defendant's counsel did have read into the minutes of the court, prior to his acceptance of the twelfth juror, the fact that the defendant had already exhausted his twelve challenges, he did not state that the juror was obnoxious or unacceptable to him. Consequently, we fail to see in what manner the judge's ruling could have resulted in a miscarriage of justice or be prejudicial to defendant's constitutional or statutory rights.

The Carmouche and Hataway cases cited by counsel are only authority for the rule of law that " * * * if a juror be removed from the panel for any cause, against the protest of the defendant, after the trial has commenced by the reading of the indictment to the jury, the discharging of the disqualified juror and the drawing of another juror in his stead is, in effect, the entering of a mistrial and the beginning of a new trial; and the defendant is then entitled to have his peremptory challenges

restored to him and to have the remaining eleven jurors retendered on their voir dire for acceptance or rejection, especially if the defendant's peremptory challenges were exhausted in the original drawing of the jury," [144 La. 138, 80 So. 228] and are therefore not pertinent to the instant case. Moreover, in the Carmouche case, it was held that the defendants, having requested only one additional challenge in the selection of the twelfth juror, thereby waived their right under this rule to have all of their peremptory challenges restored to them and, having already exhausted their twelve challenges, were not entitled to the additional one requested.

For the reasons assigned, the conviction and sentence are affirmed.