## CHICKASAW COUNTY v. BAILEY.

1. COUNTY JUDGE: ATTORNEY. When the county judge was the general agent of the county, he had the power, and it was his duty, to employ attorneys to represent the interest of the county in actions brought against him as an officer; and to pay a reasonable compensation for their services out of the county treasury.

*Appeal from Chickasaw District Court.*

WEDNESDAY, JUNE 18.

A statement of facts agreed upon between the parties, is set out in the opinion of the court.

*McClintock, McGlathery and Ainsworth* for the appellants.

*J. O. Crosby* for the appellee.

BALDWIN, C. J.—This cause was submitted to the District Court upon an agreed statement of facts, substantially as follows: In the year 1858, the defendant, Lorenzo Bailey, was the acting county judge of said county, and Hiram Bailey was the surety upon his official bond. In that year, an alternative writ of mandamus was sued out against the county canvassers, and Lorenzo Bailey, as the county judge of said county, upon the relation of Samuel Byers *et al.* Said cause was tried at the special term of the District Court of said county, in August following, at which term the writ was made peremptory. The defendants appealed to the Supreme Court, in which the judgment of the District Court was reversed. The said county judge employed counsel to defend the interest of said county in this proceeding, or at least to defend in said cause. For the services of such counsel, the county judge paid the sum of $500, by a warrant drawn by him as county judge, upon the treasurer, which was duly paid. It is conceded that the amount thus paid was a reasonable compensation for the services

of the counsel in defending, as they did, the said cause. It is claimed by the plaintiff that, upon this state of facts, the defendants are liable for the amount of money, and interest, thus drawn out of the treasury. The court found for the plaintiff, for the full amount of the claim, and rendered judgment accordingly.

The question for our consideration is, whether, upon this agreed statement of facts, the defendants were liable?

It is conceded that the defendant, as county judge, was a party to the mandamus proceeding, but how far, or in what manner, the rights of the county were involved, is not made to appear. It is also conceded that the counsel employed rendered services, not for Lorenzo Bailey as an individual, but for him as the representative of the interests of the county, and that the compensation paid for such services was a reasonable sum. The county judge had the power, and it was his duty, to employ the services of an attorney whenever he thought the interest of the county were about to be jeopardized, and that such services were needed. Now, the fact that there was a suit pending against the county, that the county judge thought proper to employ and pay counsel for defending such suit, as well as the fact that the amount paid was a reasonable compensation for such services, tends to raise a strong presumption, at least, that, in employing and paying such counsel, the county judge was acting within the limits of his authority. If, on the contrary, the county had not been interested in said proceedings, or the county judge had acted in bad faith in doing what he did, this certainly could have been made to appear.

We must be governed, in our conclusion, by the agreed statement of facts alone, and we readily concur in the conclusion that it is barren of anything that would justify a judgment against the defendants.

Reversed.