## No. 9696.

### THE STATE OF LOUISIANA VS. WYATT CREECH.

The requirements of the jury law of this State contemplate the trial of causes by the jurors on the regular venire as long as any of them can be secured or obtained, and they consider talesmen simply in the light of substitutes for the jurors of the regular venire, who are to be called or used only when regular jurors are not to be had.

Hence, in a case in which a list of talesmen has been summoned under the orders of the court, because the regular venire had been exhausted, and it appears that while proceeding with the list of talesmen, a jury previously engaged on a case, reports and is discharged, it then becomes the duty of the trial judge to resume the call under the regular venire, until that be exhausted, before continuing to form a jury from talesmen.

The ruling of a trial judge in rejecting a juror under a challenge for cause by the State, affords of itself no legal ground of complaint to the accused. The right of peremptory challenge is a right to reject but not to select.

APPEAL from the Tenth District Court, Parish of De Soto. Hall, J.

*M. J. Cunningham*, Attorney General, *D. C. Scarborough*, District Attorney, and *E. W. Sutherlin*, for the State, Appellee.

*G. E. Head*, *J. B. Lee* and *J. F. Smith*, for Defendant and Appellant.

The opinion of the Court was delivered by

Poché, J. Convicted of manslaughter under a charge of murder, the defendant seeks relief by two bills of exception.

### I.

The first bill involves the formation of the jury. After exhausting the list of jurors of the regular venire who had answered, the court ordered twenty-five tales jurors, and had therefrom selected two jurors, and had drawn from the box five additional names thereof, when a jury composed mainly of jurors of the regular venire, engaged up to that time on another case, appeared, reported and were discharged. Whereupon the court ordered, on motion of the district attorney, that the sheriff should cease to draw from the list of talesmen, and to re-

sume the calling of jurors of the regular venire. Counsel for the accused objected to the execution of that order and insisted on his right to continue the calling of talesmen jurors.

They strenuously contend here that the course pursued by the trial judge was irregular, illegal, and grievously injurious to the accused. But they had made no attempt to show wherein their client was injured by the ruling complained of.

Our system of jury laws does not contemplate the use of talesmen in the trial of criminal causes when jurors of the regular venire are present and within the reach of the court. The very nature and essense of talesmen are that they are legal substitutes for the regular venire, when the latter is exhausted by challenges, by the absence of members thereof, or when a portion of the same is empannelled and actually engaged on another case.

But from the moment that a jury thus engaged is relieved from that work the jurors who composed it are then before the court, and from that moment the reason for the call or use of substitutes ceases to exist, and the plain duty of the court is thence to proceed with the regular venire.

Any other course would be vicious and in clear violation of law. That was the course pursued by the trial judge in Atkinson's case, 29 Ann. 543, and for that precise reason his ruling was reversed, the sentence appealed from set aside and the case remanded.

## II.

In their second bill counsel charge error in the ruling of the judge in passing on the qualification of a juror.

The challenge for cause by the State was sustained over the objection of defendant's counsel, who urged then, as they do now, that the cause of alleged disqualification was not sufficient.

It is not suggested that at that stage of the proceedings, or even during the whole trial, the accused had exhausted his peremptory challenges, and that in consequence of the judge's ruling he had been compelled to accept an obnoxious juror. His counsel conformed the right of challenge, which is granted as a means of rejecting jurors with the exercise of that right, as a means of selecting jurors.

It is no longer an open question in criminal jurisprudence that the rejecting of a juror by the trial judge, even if erroneous, affords of itself no legal ground of complaint to the accused.

The point was submitted to this Court in the case of the State vs. Shields, 33 Ann. 1410, and we therein said:

"Exception is taken to the action of the court in excusing a jury-man, for a cause which the defendant contends was not sufficient under the law. Admitting the cause was not sufficient, the judge exercised his discretion in determining the question, and his error in such matter would afford no ground for relief. 1 Bishop Cr. Pr. §926; State vs. Ostrander, 13 Iowa 435." See also Wharton Crim. Pl. and Pr. §620; State vs. Barnes, 34 Ann. 395; State vs. Eloi, ib. 1195; State vs. Farrer, 35 Ann. 315.

We therefore conclude that the accused has had a fair and impartial trial.

Judgment affirmed.