The opinion of the court was delivered by
Nicholls, C. J.
Upsey Tibbs, Ike King and Almond Wilkerson were indicted for robbery, tried, found guilty and sentenced to three years’ imprisonment in the peniteniiary.
They have appea’ed, relying upon three bills of exception.
In the first bill it is stated that on the trial of the case, while the petit jury was being empanelled, the sheriff drew from the box a slip of paper with the name of A. G. Bernard upon it; that on calling this name and no one answering to it, it was found that one A. G. Barrow was in the court house and had been regularly selected by the jury commissioners, and being summoned on the venire for the week previous to the trial, A. G. Barrow answered to his name when the venire was called in court. That thereupon the judge presiding allowed A. G. Barrow to be sworn on his voir dire as competent to serve, contrary to the objections of defendant, and, that subsequently, Upsey Tibbs had to peremptorily challenge said A. G. Barrow; that said Tibbs subsequently exhausted his peremptory challenges before the completion of the. jury; that to said ruling admitting the said Barrow to be so called and sworn on his voir dire, defendants excepted and tendered their bill of exceptions to be signed.
The second bill states that on the trial defendants had offered two witnesses who had testified to their good character in the community, whereupon the judge charged the jury as follows on the point of character: “ Evidence of the character, that is to say of the reputar *1280 tion, the accused has in the community is always competent, and it often occurs that it proves to be a great benefit to him. It tends, under many important phases of a case, to create a doubt which but for such evidence would not have existed in favor of the. party charged with crime. Evidence of character should therefore be looked upon by the jury as part and parcel of the whole evidence submitted to their consideration. But however satisfactory or precise it may be it must not be allowed to destroy the tangible effect of direct evidence, or of the uncontradicted statement of witnesses, and still less must it outweigh in the scale of justice and do away with, or annul, any conclusive evidence of actual guilt. Evidence of character is entitled to the serious and honest consideration of the jury, not less but not more than any other legal evidence adduced on the trial. It is from that evidence, as well as from all other before them, that the jury are expected to form their final conclusions.” That defendants excepted to said charge, as it was calculated to do them injury, and they reserved a bill.
The third bill states that on trial of this cause, in which an affray between negroes and Italians was shown, and after the District Attorney in addressing the jury on the case spoke of the disturbance of what might he termed (since six persons were engaged in the transaction) as a riot, the following charge was asked by the defendants :
“ If several persons engage in a riot and an offence is committed by one of them, which offence is not in pursuance of the common object of the rioters, and foreign to the same, that each of the persons engaging in said riot should not by reason of their presence there be held guilty of such offense;” which charge was refused as not applicable to the facts of this case, because accused were charged with robbery, and not with creating a riot and disturbance. To which ruling defendants excepted and tendered their bill for signature.
In defendants’ brief, referring to the first bill of exceptions, it is said: “ This bill presents the question as to whether any one whose name is not served on the accused before trial can be forced upon the accused as a juror. The list of jurors served on the accused contained a name — A. G. Bernard] When the jury was empaneled A. G. Bernard was called, and, as the bill recites, no one answered to the name. There was one A. G. Barrow in the court house, and he was instructed to come forward as a juror. He was objected to, on *1281 the ground that there was no authority for calling him as a juror. The defendant Tibbs was finally compelled to challenge this juror peremptorily. Tibbs subsequently exhausted his peremptory challenges. We submit that the ruling allowing Barrow as a juror, and causing Tibbs the necessity of challenging him peremptorily, was without authority of law, and unfajr to the accused. ‘ The names of the jurors,’ says the law, ‘ must be drawn from the box.’ In this case it was not done.”
The bill is obscurely drawn. It is difficult to know from it the grounds of defendant’s complaint. They say that when Barrow was presented as a juror, Tibbs objected that “ there was no authority for calling him,” but they do not inform us either of the actual circumstances under which Barrow was drawn as a juror or the particular facts upon which they based their idea that there was no authority to call him as such, or of the grounds on which the State tendered him. We infer that it was claimed that the name “A. G. Bernard” on the jury list served upon the accused was a clerical error; that the real name upon it should have been “ A. G. Barrow” (that of the juror tendered), and that the variance in the name was held immaterial by the court, but we can not deal with bills of exceptions by reaching objections by inference. Assuming, however, as correct that the court should have at once ordered Barrow to stand aside and have not compelled Tibbs to peremptorily challenge him, we find no resulting injury, for it is not claimed that “in consequence of the judge’s ruling defendants had been compelled to accept an obnoxious juror.” State vs. Creech, 38 An. 480. Counsel of defendants complain greatly of that sentence of the judge’s charge in regard to the weight to be given to testimony as to the character of persons accused of crime,, in which he stated that evidence of good character, however satisfactory or precise, should not be allowed to destroy the tangible effect of direct evidence, or of the uncontradicted statement of witnesses. He says the effect of such instruction was to convey the idea to the jury that they were forced to accept as true uncontradicted statements of witnesses or, at all events, to give to such statements when weighed in the balance as against uncontradicted testimony of good character a controlling force.
It is true that uncontradicted statements of witnesses may be conceived of a character such as might justify a juror to disregard them *1282 or to give them little force, and that, therefore, this particular statement given to the jury might have been more guardedly stated for some special case, but we scarcely think that taking the instructions as a whole, the jury was misled. The jury was clearly told that evidence of character was entitled to the serious and honest . consideration of the jury — not less, but not more than any other legal evidence adduced on the trial. That it was from that evidence and all other before them that the jury are expected to form their final conclusions. “That proof of good character did not per se ‘ destroy ’ the other evidence in the case.” It is fair to assume that the instruction inserted in the bill was only part of the general charge, and that the jury was fully informed as to their power of full control in passing upon the credibility of witnesses and weight and force of all evidence before them, and construed the judge’s statement as he intended it should be construed, as being made subject to their plenary power of discriminating and weighing evidence. But if counsel thought the instruction was one liable to be misconstrued, they should have called the court’s attention to what they conceived or claimed to have been wrong, and asked for a correction, or for a modification, and not contented themselves with simply excepting that the charge was “ calculated to do their clients an injury.” It is almost impossible for a judge on the trial of a case to gange every word he uses, and it is not only justice to him, but it is, we think, a reasonable requirement at the hands of counsel in aid of the proper administration of justice that they should not hold in reserve as objections, to be used after conviction, and on appeal, matters within their power of correction at the time of their happening. An exception to a charge that it was calculated to injure the party accused is entirely too general and sweeping to be held as an attempted correction made at the time.
We are of the opinion that the District Court correctly refused to give the special charge, the refusal to give which is made the subject of complaint in the third bill. The matter, as it appears in the record, was simply a request of the District Judge to charge the jury upon an abstract proposition of law. There is no statement in the bill from which it would appear that there was anything in the testimony in the case or of the facts Of tbe case with which this requested charge had any legal connection or to which it could be legally made applicable. We have no reason to *1283 suppose that either one or all of the defendants were present at a riot between negroes and Italians, and that their mere presence at the same had been made the basis for their prosecution for a robbery which occurred during the riot, or that their conviction rests upon such a condition of evidence or fact. Defendants did not ask the court to charge the jury that if they found such and such facts established by the evidence (which facts we will assume would, if established, make the requested charge a pertinent or relevant one) that then the charge asked would be the law governing the case, but took up an extract from some decision or author in which certain facts were assumed and the law as resulting from that state of facts announced and sought to have the announcement so made declared a correct exposition of law. The court was fully justified in refusing to give the charge if it had no legal bearing on the case, particularly in the form it was asked. The court declares that it had-no bearing on the case, and defendants have neither made nor attempted to make a showing to the contrary. Finding no grounds upon which a setting aside of the verdict of the jury and an avoidance of the judgment based thereon could be asked,' it is ordered that the judgment appealed from be affirmed.