(44 South. 334.)

No. 16,595.

STATE v. FREEMAN.

(June 17, 1907. Rehearing Denied June 29, 1907.)

1. GRAND JURY—ORGANIZATION.

State v. Mitchell (La.) 44 South. 132, ante, p. 374, and State v. Lively (La.) 44 South. 128, ante. p. 363, reaffirmed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 31, Jury, § 374.]

2. JURY—DISCHARGE OF TALESMAN.

Until a talesman has been sworn on the jury, he may be discharged to make place for one of the regular venire.

Provosty and Monroe, JJ., dissenting.

(Syllabus by the Court.)

Appeal from Twelfth Judicial District Court, Parish of Vernon; John Bachman Lee, Judge.

Lige Freeman, alias Snake was convicted of murder and appeals. Affirmed.

Dennis Miller Sholars, for appellant. Walter Guion, Atty. Gen., and James Wilson Parsons, Dist. Atty. (Lewis Guion, of counsel), for the State.

PROVOSTY, J. Defendant was convicted of murder without capital punishment.

In this case the indictment was found and the case tried at the same term of court as in State v. Mitchell (recently decided, No. 16,-599) 44 South. 132,[1] and the same objection was made to the manner of organizing the grand jury, and the same ruling made. That ruling is now sustained for the reasons given in State v. Mitchell. The writer and Justice MONROE dissented then, and dissent now,

[1] Ante, p. 374.

for the reasons assigned by Justice MONROE in State v. Lively, 44 South. 128, ante, p. 363 and by the writer in the dissenting opinion handed down by him herewith.

Defendant's second reliance is without merit. When defendant's case was called, 12 of the regular venire were engaged in another case, and only 13 others were in attendance. The venire at this term had made a record for conviction, and on that account defendant's counsel was anxious to get a jury of talesmen, if possible. This he might succeed in doing only by getting rid of the 13 and organizing the jury before the other 12 of the regular venire could be discharged from the case they were trying. To that end, counsel quickly accepted one of the 13, and challenged peremptorily the other 12. Thereupon 15 talesmen were summoned, and 11 of them were drawn and called into the jury box; but, just as the first of them was being sworn on his voir dire, the other jury was discharged, and the judge ordered all the talesmen to stand aside, and the regular venire to be called; and this was done, and the defendant was tried by the regular venire, and convicted.

He had exhausted his peremptory challenges by the wholesale and indiscriminate challenging of the 12 jurors. He complains that he was doubly injured: First, in that the act of the judge in putting aside the talesmen already in the box was unauthorized; and, secondly, in that he was practically deprived of his peremptory challenges, since his purpose in using them was defeated by the unauthorized action of the judge.

The whole argument of defendant's learned counsel is based on the assumption of there being something sacramental in the talesmen being "in the box"; as if, being "in the box," they could not be gotten out except by being excused for cause, or challenged.

But in our criminal procedure we are governed by the common law as it existed in Eng-

land in 1805, and the practice there was to present one juror at a time for acceptance. 9 Cyc. 249. So there is no such thing, under our law, as a juror being "in the box" until he has been sworn on his voir dire and is presented for acceptance.

The record does not show whether the administering of the voir dire oath was completed; but, even if it was, and the first talesman was duly sworn on his voir dire and actually presented for acceptance, we can see no objection to his being, even then, put aside by the judge to make place for the regular venire. A talesman is but a makeshift and substitute, and, so long as not sworn on the jury, should be put aside when the person in whose place he stands appears and can serve. 24 Cyc. 240; State v. Creech, 38 La. Ann. 480.

Judgment affirmed.

For dissenting opinion of PROVOSTY, J., see 44 South. 335.

MONROE, J., concurs in dissenting opinion.