(44 South. 336.)

No. 16,659.

STATE v. MATTHEWS et al.

(June 17, 1907.)

1. GRAND JURY—DRAWING.

State v. Mitchell (La.) 44 South. 132, ante, p. 374, and State v. Lively (La.) 44 South. 128, ante, p. 363, reaffirmed.

2. CRIMINAL LAW — TRIAL — ARGUMENT OF DISTRICT ATTORNEY.

Where counsel for defendant has commented on his custom not to put his clients on the stand in their own behalf, and the district attorney, in reply, has begun some comments on the said statement of counsel for defendant, but is stopped before he has completed his sentence, and the judge warns the jury not to draw any prejudicial inference against the defendant from the latter's not having testified in his own behalf, and the district attorney adds to the bill of exception the statement that he intended to tell the jury the same thing which the judge told them, no injury to defendant is shown.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Criminal Law, § 3127; vol. 14, Criminal Law, § 1693.]

3. SAME.

In the course of the argument of the district attorney, a question arose as to whether certain testimony he was commenting upon had been given in the presence of the jury or during their retirement, and the court, agreeing with the district attorney, in that the testimony had been given in the presence of the jury, allowed him to proceed, but, as an extra precaution, instructed the jury that they were the exclusive judges of the law and the facts and would have to disregard the comments of the district attorney on the testimony in question, if they had no remembrance of its having been given. Here, the only possible conclusion is that counsel for defendant was mistaken in saying that the testimony had been given out of the presence of the jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, §§ 1670, 1677, 1693.]

4. SAME — OPINION EVIDENCE — HOMICIDE — CIRCUMSTANTIAL EVIDENCE — APPEARANCE OF ACCUSED.

Near a circus tent at night, a crowd of young men assaulted a negro, and a row ensued, during which pistols were fired, and a bystander was killed. The trial was for the killing of this man. The defense was an alibi. The evidence was all circumstantial. The theory of the state was that the accused had quickly gone away from the scene and immediately returned with a view to proving an alibi. A witness for the prosecution, having testified that immediately after the shooting he had met accused coming towards where the shooting had taken place, was asked: "What was his appearance?" and counsel for defendant objected that "the testimony calls for an opinion pure and simple of the witness; second, that it is no part of the res gestæ, no part of the actual transaction itself, and what defendant and an outside party had to say at that time and place was hearsay, irrelevant, and immaterial." The witness answered: "He seemed a little excited, panting, walking very fast, panting when he was talking." In a case of circumstantial evidence, the "appearance" of the accused may be proved.

Provosty and Monroe, JJ., dissenting.

(Syllabus by the Court.)

Appeal from Twelfth Judicial District Court, Parish of Sabine; John Bachman Lee, Judge.

Joe Matthews and Lee McLean were convicted of manslaughter, and appeal. Affirmed.

Monk & Palmer and So Relle & Boone, for appellants. Walter Guion, Atty. Gen., and James Wilson Parsons, Dist. Atty. (Lewis Guion, of counsel), for the State.

PROVOSTY, J. The defendants were tried for murder and convicted of manslaughter.

1. In this case the indictment was found and the case tried at the same term of court as in State v. Mitchell (recently decided, No. 16,599) 44 South. 132,[1] and the same objection was made to the manner of organizing the grand jury, and the same ruling made as in that case. That ruling is now sustained for the reasons given in that case. The writer and Justice MONROE dissented then, and dissent now, for the reasons assigned by Justice MONROE in State v. Lively (La.), 44 South. 128,[2] and by the writer in the dissenting opinion this day handed down in the case of State v. Freeman (No. 16,595) 44 South. 334.[3]

2. We do not find in the record any bill of exception to the overruling of the motion for severance except the minute entry "bill reserved." Hence we cannot review that ruling.

3. In his argument to the jury, the attorney for defendant commented at some length as to what had been his custom in putting the accused upon the stand to testify. The district attorney, in the course of his closing argument, said:

"The attorney for accused says it has been his custom not to have his clients go on the stand to testify in their own—"

At this point counsel for defendant stopped him, and the court instructed the jury to disregard what the district attorney had said, but to try the case strictly according to the evidence before them, that the law specially enjoined that no inference was to be drawn against the defendant from his not making himself a witness in his own behalf. The district attorney adds to the bill the statement that the observation he would have made to the jury, if he had been allowed to complete his sentence, would have been precisely the one which the judge himself made.

Under these circumstances, defendant was not prejudiced.

4. In the course of the argument of the district attorney, a question arose as to whether certain testimony he was commenting upon had been given in the presence of the jury or during their retirement, and the court, agreeing with the district attorney, in that the testimony had been given in the presence of the jury, allowed him to proceed, but, as an extra precaution, instructed the jury that they were the exclusive judges of the law and the facts and would have to disregard the comments of the district attorney on the testimony in question if they had no remembrance of its having been given. Here, the only possible conclusion is that counsel for defendant was mistaken in saying that the testimony had been given out of the presence of the jury.

5. Near a circus tent at night, a crowd of young white men, who were, as the learned counsel for defendant puts it, "tanked up on blind-tiger whisky," assaulted a negro, and a row ensued, during which pistols were fired, and a bystander was killed—a white man. The trial was for the killing of this man. The defense was an alibi. The evidence was all circumstantial. The theory of the state was that one of the accused, McLean, in whose behalf alone the present bill was taken, had quickly gone from the scene and immediately returned with a view to proving an alibi. A witness for the prosecution, having testified that immediately after the shooting he had met McLean coming towards where the shooting had taken place, was asked: "What was his appearance?" And counsel for defendant objected that "the testimony calls for an opinion pure and simple of the witness; second, that it is no part of the res gestæ, no part of the actual transaction itself, and what defendant and an outside party had to say at that time and place was hearsay, irrelevant, and immaterial." The

---

[1] Ante, p. 374.   [2] Ante, p. 363.   [3] Ante, p. 663.

witness answered: "He seemed a little excited, panting, walking very fast, panting when he was talking." In a case of circumstantial evidence, the "appearance" of the accused may clearly be proved.

The motion for new trial covers the same grounds which have been hereinabove considered.

Judgment affirmed.